UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHARLIE KIMMEL,<br><br>                    Plaintiff,<br><br>        v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | No.  4:15-CV-5058-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR REMAND AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

    Before the Court, without oral argument, are Plaintiff's Motion for Summary Judgment, ECF No. 13, and Defendant's Motion for Remand, ECF No. 17. Plaintiff Charlie Kimmel appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 1.  Plaintiff contends the ALJ failed to properly weigh the medical expert testimony and failed to properly determine whether specific jobs exist in the national economy that Plaintiff could perform. ECF No. 13 at 9-10. Plaintiff seeks an immediate award of benefits. The Commissioner of Social Security ("Commissioner") agrees that the ALJ failed to properly formulate the Plaintiff's residual functional capacity (RFC) but argues that remand is the appropriate remedy. The Court has reviewed the administrative record and the parties' briefing. For the reasons set forth below, the Court remands for further proceedings.

/

**A.   Jurisdiction**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**B.   Standard of Review**

A district court's review of a Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

(quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**C.  Disability Determination: Five-Step Sequential Evaluation Process**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. *Id.* § 416.920(a)(4)(i). If the claimant is engaged in substantial gainful activities, the claimant is not disabled and benefits are denied. *Id.* §§ 404.1520(b), 416.920(b). If the claimant is not engaged in substantial gainful employment, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment, or combination of impairments, which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity. *Id.* §§ 404.1520(e), 416.920(e). If the claimant is able to perform the claimant's previous work, the claimant is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing entitlement to disability benefits under steps one through four. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**D.    Procedural History and ALJ Findings[1]**

Plaintiff filed an application for supplemental security income, dated October 12, 2011, alleging a disability onset date of April 14, 2011. Transcript of Record (Tr.) at 22. Plaintiff's claim was initially denied and upon reconsideration. *Id.* Plaintiff requested a hearing before an ALJ, which was held on January 14, 2014, Tr. at 22. On February 13, 2014, the ALJ rendered a decision denying Plaintiff's claim. *Id.*

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 14, 2011, the alleged onset date. Tr. at 24.

At step two, the ALJ found that the Plaintiff has the following severe impairments: post-traumatic stress disorder (PTSD), anxiety, depression, and degenerative disc disease. *Id.*

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404. Tr. at 26.

At step four, the ALJ found:

> Plaintiff has the residual functional capacity to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk up to four hours in an eight hour work day, and sit about six hours in an eight-hour workday, changing position once an hour. The Claimant can perform no more than occasional climbing, stooping, and crawling, and occasional bilateral overhead reaching. The Claimant can occasionally climb ladders, ropes, and scaffolds. The Claimant should avoid operating heavy equipment and machinery, as well as exposure to extreme temperatures and humidity. The Claimant can perform simple, repetitive tasks with no detailed work. The Claimant can have superficial contact with the public and co-workers, but cannot perform collaborative work. Tasks should be routine, with only occasional changes in work setting and work duties, working with things rather than people.

Tr. at 28. In formulating this RFC, the ALJ considered all of the relevant medical evidence but gave less weight to the opinions of four medical sources: Dr. Dinglasan, Dr. Duris, Dr. Corpolongo, and Ms. Sjostrom. Based on this RFC, the ALJ found that the Mr. Kimmel is unable to perform any past relevant work. Tr. at 32.

At step five, based on the testimony of a vocational expert (VE), the ALJ found that there are jobs that exist in significant numbers in the national economy that Mr. Kimmel can perform. Tr. at 33.

The Appeals Council denied Plaintiff's request for review, Tr. at 1, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§

416.1481, 422.210. Plaintiff filed this lawsuit on June 25, 2016, ECF No. 1.

**E.  Analysis**

Plaintiff raises the following issues for this Court's review of the Commissioner's final decision: 1) Whether the ALJ failed to properly weigh the opinions of the treating and examining medical experts; and 2) Whether the ALJ improperly identified whether there are jobs that exist in significant numbers in the national economy that Mr. Kimmel can perform, based on an incomplete hypothetical. Defendant agrees that the ALJ did not properly evaluate all of the medical testimony and did not properly formulate the RFC. Defendant, therefore, asks that the Court remand for further proceedings rather than enter judgment awarding benefits to the Plaintiff. ECF No. 17.

A district court may "revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citing 42 U.S.C. § 405(g)) (alteration in original). "[T]he proper course," however, "except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* (quoting *Fla. Power &Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Case law precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). "If the district court does determine that the record has been fully developed and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to

find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Dominguez v. Colvin*, Case No. 13-1730 (9th Cir. 2016) (internal quotations and citations omitted). A district court is generally not required to exercise such discretion, however. *Id.* (quoting *Connett v. Barnhart*, 340 F.3d 871, 874–76 (9th Cir. 2003)). A court may "remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id.* (quoting *Burrell*, 775 F.3d at 1141).

In this case, the Court finds that there are factual deficiencies in the record which prevent the immediate award of benefits. In particular, because the RFC was improperly formulated, the vocational expert's testimony provides no factual support as to whether or not jobs exist in the national economy that the Plaintiff can perform. Without the reliable testimony of a vocational expert, there is no evidence on which to make a proper step-five determination. Furthermore, due to the contradictions in the extensive medical record, it is unclear what Plaintiff's final RFC will ultimately be. It is not the job of this Court to determine Plaintiff's RFC. That is the job of the ALJ. 20 C.F.R. § 404.1546. Given the inconsistencies, conflicts, and gaps in the record, and in view of Defendant's request for remand, the Court finds serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act, and that additional administrative proceedings are required. The Court, therefore, remands this case to

the ALJ for further factual proceedings, rather than for payment of benefits. *See Dominguez v. Colvin*, Case No. 13-1730 (9th Cir. 2016).

**F.  Conclusion**

In summary, the Court finds that remand is appropriate. The ALJ is directed to reconsider all of the medical evidence, properly formulate Plaintiff's RFC, resubmit a complete hypothetical to a vocational expert, and then make a new determination as to whether the Plaintiff is disabled.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.
2. The Commissioner's Motion for Remand, **ECF No. 17**, is **GRANTED**.
3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.
4. **JUDGMENT** is to be entered in the Plaintiff's favor.
5. An application for attorney fees may be filed by separate motion by Mr. Kimmel.
6. The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and to ALJ Caroline Siderius.

**DATED** this 28th day of July 2016.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge